UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. |
| | ) |
| SPRING HOUSE ASSOCIATES, | ) |
| a Maine Limited Partnership, | ) |
|    David R. Cope, General Partner, | ) |
|    Michael A. Liberty, General Partner, | ) |
|    Liberty Group, Inc., | ) |
| | ) |
| Defendant, | ) |
| | ) |

**COMPLAINT FOR FORECLOSURE**

NOW COMES the United States of America, by and through its attorneys Thomas E. Delahanty II, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, and for its cause of action alleges:

1. That this Court has jurisdiction under the provisions of 28 U.S.C. 1345.

2. That on information and belief the Defendant, Spring House Associates ("Defendant"), is a Limited Partnership organized and existing under the laws of the State of Maine, with a mailing address of 245 Commercial Street, Fourth Floor, Portland, Maine, 04101.

3. That on information and belief Defendant has general partners including but not limited to as follows: (i) David R. Cope, mailing address 5753 South Prince Street, Apartment 703, Littleton, Colorado, 80160; (ii) Michael A. Liberty, mailing address P.O. Box 923, Gray, Maine, 04039; and (iii) Liberty Group, Inc., a corporation organized and existing under the laws of the

State of Maine, with a mailing address of 245 Commercial Street, Fourth Floor, Portland, Maine, 04101.

4.   That on or about September 24, 1984, Defendant entered into a loan agreement with the United States of America, Department of Agriculture, Rural Development, Rural Housing Service (formerly known as Rural Economic and Community Development, and prior thereto and as the Farmers Home Administration) (hereinafter called "the United States") in connection with a $1,100,000.00 loan to be made to Defendant to build a senior citizen rental housing project.   Said loan agreement is evidenced by a certain Loan Agreement, a copy of which is attached hereto, marked **Exhibit A**, and incorporated herein by reference.

5.   The Loan Agreement provided for the United States to issue a promissory note to Defendant in the amount of $1,100,000.00 and for the Defendant to execute real estate security and other security instruments upon the housing project and other real property of Defendant.   The Loan Agreement required Defendant to comply with applicable United States regulations as well as "all its agreements and obligations in or under the note, security instrument, and any other related agreement executed by [Defendant] in connection with the loan."   Defendant's failure to comply with the terms of the Loan Agreement constitutes a default such that the United States, "at its option may declare the entire amount of the loan obligations immediately due payable and, if such amount is not paid forthwith, may take possession of an[d] operate the housing and proceed to foreclose its security and enforce all other available remedies."

6.   That on or about August 1, 1985, Defendant obtained a loan from the United States in the amount of $1,100,000.00.   Said loan is evidenced by a certain Promissory Note of even date and amount, to be repaid according to the terms set out therein, a copy of which is attached hereto,

marked **Exhibit B**, and incorporated herein by reference.

7. The Promissory Note indicates that the United States' loan to Defendant was made pursuant to Title V of the Housing Act of 1949 as a Section 515 Rural Rental Housing loan. Failure to make payments when due or to perform any other agreement contained under the Promissory Note constitutes default under the Promissory Note and any other instrument evidencing a debt of the Defendant owed to or insured by the United States, on any instrument securing or otherwise relating to such a debt; such a default under any other such instrument constitutes a default under the Promissory Note.   Upon default the United States may declare the full indebtedness immediately due and payable.

8. To secure the payment of the aforementioned Promissory Note, said Defendant executed and delivered to the United States a certain Security Agreement dated August 1, 1985, whereby it granted to the United States a security interest in and an assignment of its interest in the following collateral, including the proceeds thereof:

> A. All accounts, general intangibles, and gross receipts now or hereafter in existence, including the proceeds thereof, derived from or pertaining to any and all activities of the Debtor in operating a rural rental housing project situate[d] on the premises hereinafter described.
>
> B. All ranges, refrigerators, washing machines, dryers, heating, air conditioning and other equipment pertaining to said rural rental housing project now owned or hereafter acquired, including all replacements of or substitutions therefor, and including, without limitation, the following:

| Quantity | Kind | Manufacturer | Type or Model No. |
|---|---|---|---|
| 25 | Refrigerators | Whirlpool | ET14DCIM |
| 1 | Refrigerator | Whirlpool | MTX14c4BAAST804738 |
| 21 | Ranges | Whirlpool | RF3020XT |
| 4 | Ranges | Whirlpool | RB1000XK |

| Quantity | Kind | Manufacturer | Type or Model No. |
|---|---|---|---|
| 4 | Washing Machines | Whirlpool | WCCB130VOWUSS104727G |
| 4 | Dryers | Whirlpool | SS104727G |
| 1 | Microwave Oven | Whirlpool | MH6700XM |
| 1 | Range | Whirlpool | RF365BXP |

All of the above fixtures are affixed or were to be affixed to the following real estate:

| Record Owner | Approximate No. of Acres | County & State | Location |
|---|---|---|---|
| Spring House Associates | 3.101 | Somerset/Maine | Corner of Silver and Robinson Streets, Skowhegan, Maine |

9. A copy of said Security Agreement, is attached hereto, marked **Exhibit C**, and is incorporated herein by reference.

10. To perfect the security interest in the above-mentioned Security Agreement, a Financing Statement executed by said Defendant was recorded at the Maine Secretary of State's Office on August 2, 1985, in Augusta, Maine. Copies of said Financing Statement is attached hereto marked **Exhibit D** and are incorporated herein by reference.

11. That to secure the repayment of said indebtedness, and other purposes, defendant on August 1, 1985, duly executed, acknowledged, and delivered to the United States a certain Partnership Real Estate Mortgage for Maine whereby it granted, bargained and sold to the United States the following premises:

> A certain lot or parcel of land situated in Skowhegan in Somerset County, State of Maine, bounded and described as follows:
>
> BEGINNING at a granite monument set in the ground in the Southerly line of Silver Street, so called at the North-westerly corner of land now or formerly

4

owned by Marvin L. Jones and Joyce L. Jones as described in a Deed recorded in the Registry of Deeds for Somerset County, in Book 1061, Page 112; thence

1. South no degrees fifteen minutes twenty-four seconds East (S 0"0° 15' 24" E) along the Westerly line of said Jones' land and along the Westerly line of land now or formerly owned by Arthur L. Savage and Laura S. Savage as described in a Deed recorded in said Registry in Book 787, Page 577 a distance of two hundred thirteen and ninety-six hundredths (213. 96) feet to a point; thence.

2. North eighty-eight degrees forty-seven minutes thirty-five seconds West (N 88° 47' 35" W) along the Northerly line of said Savage's land and parallel to the Southerly line of said Silver Street, a distance of thirty-three and no hundredths (33. 00) feet to a point at the Northwesterly corner of said Savage's land; thence .

3. South no degrees fifteen minutes twenty-four seconds East (S 00° 15' 24" E) along the Westerly line of said Savage's land and along the Westerly line of land now or formerly owned by Charles E. Carmon and Janie B. Carmon as described in a Deed recorded in said Registry, in Book 1001, Page 89, a distance of one hundred thirty-two and no hundredths (132. 00) feet to a point at the Southwesterly corner of said Carmon's land and in the Northerly line of land now or formerly owned by Roger J. Poulin and Sally A. Poulin as described in a Deed recorded in said Registry, in Book 1019, Page 275; thence

4. North eighty-eight degrees forty-seven minutes thirty-five seconds West (N 88 ° 47' 35" W) along the Northerly line of said Poulin's land and parallel to the Southerly line of said Silver Street a distance of sixty-six and no hundredths (66. 00) feet to a point at the Northwesterly corner of said Poulin's land; thence

5. South no degrees fifteen minutes twenty-four seconds East (S 00° 15' 24" E) along the Westerly line of said Poulin's land a distance of thirty-three and fifty-four hundredths (33.54) feet to a point at the Northeasterly corner of land now or formerly owned by Albert H. Lagasse as described in a Deed recorded in said Registry in Book 602, Page 345; thence

6. North eighty-one degrees thirty-five minutes forty-six seconds West (N 81° 35' 46" W) along the Northerly line of said Lagasse's land and parallel to the Southerly line of said Silver Street, a distance of two hundred sixty-four and no hundredths (264.00) feet to a point at a corner in said Lagasse's land; thence

7. North five degrees six minutes twenty-four seconds West (N 05° 06' 24" W) along the Easterly line of said Lagasse's land and along the Easterly line of

Robinson Street so called, a distance of three hundred eighty-five and eighty-six hundredths (385.86) feet to a point in the Southerly line of said Silver Street; thence

8. South eighty-one degrees thirty-five minutes forty-six seconds East (S 81° 35' 46" E) along the southerly line of said Silver Street, a distance of two hundred ninety-seven and no hundredths (297. 00) feet to an angle in said Silver Street; thence

9. South eighty-eight degrees forty-seven minutes thirty-five seconds East (S 88° 47' 35" E) along the Southerly line of said Silver Street, a distance of ninety-nine and no hundredths (99.00) feet to the point of beginning.
.
Containing 3.101 Acres.

BEING the same premises acquired by Spring House Associates by virtue of a Warranty Deed dated November 14, 1984, and recorded November 21, 1984 at the Somerset County Registry of Deeds in Book 1167, Page 36.

TOGETHER with all the improvements, tenements and appurtenances now or hereafter erected on the property, and all easements, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, all leasehold rights of any kind, and all fixtures now or hereafter attached to or used in connection with the property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, natural gas, water, air and light; and including, but not limited to, all plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, washers, dryers, awnings, screens, blinds, shades, storm windows, storm doors, antennas, attached floor coverings, trees and plants; all of which including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this instrument; and all payments at any time owing to the Borrower by virtue of any sale, lease, transfer, conveyance or condemnation of any part thereof or interest therein--all of which are herein collectively referred to as the "Property".

12.     That said Mortgage was duly recorded in the Somerset County Registry of Deeds in Book 1207, Page 126.   A copy of said Mortgage is attached hereto, marked **Exhibit E**, which is incorporated herein by reference.

13.     The Mortgage by its terms is governed by federal law and subject to the present and

future regulations of the United States.   Upon default, the United States may declare the entire amount unpaid immediately due and payable, or foreclose and sell the property.   Notices given regarding the Mortgage must be sent by certified mail.

14. Using the proceeds of the loan, Defendant purchased and operated a 25-unit elderly multifamily housing complex located at 22 Silver Street, Skowhegan, Maine, known as Springhouse Gardens.

15. The United States provided Michael Liberty, General Partner of Defendant, with notices detailing the United States' concerns regarding Defendant's servicing of the subject property and collateral on November 19, 2012, December 18, 2012, and January 25, 2013.   These notices are attached hereto, marked **Exhibit F, G & H**, and are incorporated herein by reference.

16. The United States made demand upon Defendant's General Partners David R. Cope, Michael A. Liberty, and the Liberty Group, Inc., for the entire indebtedness due and payable under the Promissory Note by notices dated August 15, 2013.   The Notices were sent by certified mail and entitled, "NOTICE OF ACCELERATION OF YOUR DEBT TO THE RURAL HOUSING SERVICE (FORMERLY FmHA), DEMAND FOR PAYMENT OF THAT DEBT, AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION."   The Notices stated, among other things, that the acceleration of Defendant's indebtedness was for failure "to maintain the property in good repair as required in your Loan Agreement, Security Agreement, Mortgage, and 7 CFR 3560.103" and "pay property taxes when due as required in your Promissory Note, Mortgage, and Loan Agreement, and 7 CFR 3560.105," causing the United States "to process protective advances to voucher project taxes."   Defendant's General Partners and/or their agents certified receipt of the Notices.   Copies of the Notices are

7

attached hereto as **Exhibits I, J & K**, and are incorporated herein by reference.

17. That the United States of America, acting through the United States Department of Agriculture, is the present owner and holder of the said Promissory Note, Security Agreement and Mortgage.

18. That because of the breach of the provisions of the said Promissory Note, Security Agreement, and Mortgage, the United States hereby declares the entire amount of the indebtedness evidenced by the said Promissory Note and secured by the Mortgage and Security Agreement to be immediately due and payable.

19. That there is now justly due the United States of America on the said Promissory Note secured by the Mortgage and Security Agreement the following sums:

    (a) Principal and advances………………….. $1,022,530.65

    (b) Interest through February 9, 2015......... $158,209.15

    Unpaid Late Fees     10,044.96

    **TOTAL** $1,190,784.76

20. The daily interest accrual is $320.25.

21. That said Defendant has failed to comply with the provisions and conditions of the said Loan Agreement, Promissory Note, Mortgage, and Security Agreement for reasons, including but not limited to the following:

    a. Failure to maintain payment on loan account as required by the Loan Agreement, Promissory Note, Mortgage, and Security Agreement;

    b. Failure to maintain the property in good repair as required in the Loan

        Agreement, Security Agreement, Mortgage, and 7 C.F.R. § 3560.103; and

   c.   Failure to pay property taxes when due as required in the Promissory Note, Mortgage, and Loan Agreement, and 7 C.F.R. § 3560.105, causing the United States to process protective advances to voucher project taxes.

22.   That the United States of America, acting through the United States Department of Agriculture, is the present owner and holder of the said Promissory Note, Security Agreement, Loan Agreement and Mortgage.

23.   That on information and belief, the United States may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments, maintenance and other costs in order that it may protect and preserve its security, but the nature and amount thereof is unknown to the United States at this time. Nevertheless, the United States seeks recovery thereof and therefor, together with interest thereon.

24.   That no other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Note, Security Agreement, Loan Agreement and Mortgage and that all conditions precedent to the bringing of the action have been performed or have occurred. The Plaintiff has complied with all statutory and administrative requirements, including but not limited to 7 C.F.R. § 3560.

WHEREFORE, the Plaintiff demands judgment as follows:

   a.   Determine that there has been a default under the Promissory Note and a breach of condition of the Mortgage, Security agreement, and Loan Agreement;

   b.   That the amount due to the United States on its Promissory Note, Security Agreement, Loan Agreement and Mortgage may be adjudged;

c. Determine the order of priority of such other parties as it may appear, together with the amount due such other parties, if any;

d. That the Defendant, subsequent to the filing of a copy of the Complaint instituting this action in the Somerset County Registry of Deeds, in which county said mortgaged premises are situated, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and any equity of redemption in the mortgaged premises;

e. That said premises along with all fixtures and other items set forth in the Security Agreement may be decreed to be sold pursuant to 28 U.S.C. §2001 et seq. and other applicable law;

f. That the United States may seek the appointment of a receiver for the property subject to the Mortgage and Security Agreement to exercise the usual powers of receivers in similar cases, including to receive all rents, issues, and profits of the mortgaged premises in accordance with the terms of the Mortgage and Security Agreement, if the United States so desires and so moves during the pendency of this action;

g. That the monies arising from this sale may be brought to Court;

h. That the United States may be paid the amount adjudged to be due to it, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale so far as the amount of such money properly applicable thereto will pay the same;

   i. That the United States may have such other and further relief as shall be just and equitable.

Dated at Portland, Maine, this 9th day of February, 2015.

            UNITED STATES OF AMERICA
            THOMAS E. DELAHANTY II
            UNITED STATES ATTORNEY
            DISTRICT OF MAINE

       By /s/ Andrew K. Lizotte
         Andrew K. Lizotte
         Assistant U.S. Attorney
         100 Middle Street
         East Tower, 6th Floor
         Portland, ME 04101
         207-771-3246
         Andrew.Lizotte@usdoj.gov