UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:15-cv-00057-JAW |
| ) | |
| SPRING HOUSE ASSOCIATES, ) | |
| a Maine Limited Partnership, ) | |
|   David R. Cope, General Partner, ) | |
|   Michael A. Liberty, General Partner,) | |
|   Liberty Group, Inc., ) | |
|     Defendant. ) | |

**AMENDED[1] ORDER ON MOTION FOR DEFAULT JUDGMENT**

In this foreclosure action against a state of Maine limited partnership, where the United States requests that the Court issue a default judgment against a general partner, the Court defers ruling for thirty days to allow the United States to respond to certain questions: (1) whether the Court may issue a default judgment against a general partner who is referenced in the complaint but not named as a defendant; (2) whether the United States has complied with First Circuit law concerning the entry of an appearance on behalf of a defaulted person; and, (3) what specific relief the United States is requesting in the form of a default judgment.

**I.   BACKGROUND**

On February 10, 2015, the United States of America filed a foreclosure complaint against Spring House Associates, a Maine Limited Partnership, including

---

[1] The Court corrects a clerical error in the caption of the Order to track the caption in the original Complaint and clarify that there is only one Defendant named in the Complaint.

David R. Cope as general partner, Michael A. Liberty, as general partner, and Liberty Group, Inc. *Compl. for Foreclosure* (ECF No. 1). The Complaint demands judgment and asks for the following relief: (1) a judicial determination of default under the promissory note and a breach of condition of the mortgage, security agreement, and loan agreement; (2) a judicial determination of the amount due under the promissory note, security agreement, loan agreement, and mortgage; (3) a judicial determination of the order of priority of such other parties as may appear; (4) a foreclosure of the mortgaged premises, (5) the potential appointment of a receiver; (5) the monies from any sale be brought to the Court; and, (6) the United States be paid the amount adjudged to be due to it. *Id.* at 9-10.

On July 13, 2015, Attorney David Johnson entered his appearance on behalf of Spring House Associates and on August 4, 2015, Attorney Johnson answered the Complaint on behalf of Spring House Associates. *Consented to Mot. to Extend Time to Ans. or File Responsive Pleading* (ECF No. 10); *Ans. to Compl. for Foreclosure* (ECF No. 13). On July 15, 2015, the United States served Donald R. Cope with a summons and the foreclosure complaint and on July 17, 2015, the United States filed an affidavit of service with the Court. *Process Receipt and Return* (ECF No. 12). On August 6, 2015, the United States filed a motion for entry of default against Mr. Cope and on August 7, 2015, the Deputy Clerk granted the motion. *Request to Clerk to Enter Default* (ECF No. 14); *Order Granting Mot. for Entry of Default* (ECF No. 15). On August 10, 2015, the United States moved for default judgment. *Mot. for Entry of Default J. as to General Partner David Cope* (ECF No. 16) (*Mot. for Default J.*).

## II.  DISCUSSION

The United States' motion for default judgment raises a number of questions and the Court defers action on the pending motion for thirty days to allow the United States to respond to its concerns.

### A.  The Proper Party Defendants to the Lawsuit

The Court's first concern is the nature of the lawsuit and the proper parties to the lawsuit. The United States' Complaint for foreclosure lists only one defendant in the caption, namely the Maine Limited Partnership of Spring House Associates. The allegations in the Complaint refer to "Defendant" in the singular, which must mean Spring House Associates, and this sole-named defendant is not subject to default because it has answered the Complaint.

The Complaint against Spring House Associates as a Maine Limited Partnership seems appropriate. Maine law provides that "[a] limited partnership is an entity distinct from its partners." 31 M.R.S. § 1304(a). It also provides that a limited partnership has the "power to sue, be sued and defend in its own name . . . ." 31 M.R.S. § 1305. To this end, Maine law requires each limited partnership to maintain a registered agent within the state of Maine, 31 M.R.S. § 1314-A, and provides that the partnership may be served process through the registered agent. 31 M.R.S. § 1317-A; 5 M.R.S. § 113(1). It also may be appropriate to include as party defendants the general partners of a limited partnership; however, it would be helpful

3

for the United States to clarify under what circumstances a general partner of a limited partnership is an appropriate defendant, as opposed to the limited partnership.

The Court's most pressing question, however, is whether the Complaint for foreclosure as currently drafted with one named defendant fairly places Mr. Cope and the other general partners on notice that they are parties to the case and have a separate interest to protect in this lawsuit. The Complaint contains two references to Mr. Cope, first in paragraph 3, which alleges that he is a general partner and recites his address, and second in paragraph 16, which states that the United States made demand upon him for the entire indebtedness due and payable under the promissory note.

The Court is concerned that the Complaint as currently drafted does not allow for a default judgment against a person not listed as a named defendant. Although the United States may be correct that the general partner, as opposed to a limited partner, of a limited partnership, may stand in the shoes of the partnership for purposes of suit, the Court will require the United States to demonstrate that this is correct as a matter of law and that Mr. Cope, as general partner, is subject to this action.

### B. Compliance with *Key Bank of Maine v. Tablecloth Textile Co. Corp.*

In *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, the First Circuit broadly interpreted Federal Rule of Civil Procedure 55(b) to include an indication on the part of the defendant that he or it has "a clear purpose to defend the suit." 74 F.3d 349,

353 (1st Cir. 1996).  In light of *Key Bank*, this Court has required that a party seeking default produce satisfactory proof that the defaulted party has not appeared in the action within the meaning of Rule 55(b).  *See Joseph Skilken & Co. v. Oxford Aviation, Inc.*, No. 2:13-cv-00322-JAW, 2013 U.S. Dist. LEXIS 163662, at *1 (D. Me. Nov. 18, 2013); *CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 402 n.1 (D. Me. 2010); *Shaw v. 500516 N.B. Ltd.*, 668 F. Supp. 2d 237, 250 (D. Me. 2009).  Before issuing a default judgment, the Court will require the United States to demonstrate compliance with *Key Bank*.

### C. Proposed Default Judgment

The United States attached to its motion for default judgment a short and generic proposed order of default judgment, stating merely that its motion for default judgment is granted.  *See Mot. for Default J.* Attach. 1, *Order for Default J.* (ECF No. 16-1).  The Court is unclear what the United States is requesting here.  As noted earlier, in its Complaint, the United States demanded an array of relief, ranging from foreclosure to a judicial determination of the amount owed.  Yet the proposed judgment contains no mention of the specific relief being ordered.  Before the Court will issue a judgment, the Court will require the United States to be specific as to what relief it is asking the Court to reduce to judgment.

### III. CONCLUSION

The Court defers ruling on the Plaintiff's Motion for Entry of Default Judgment as to General Partner David Cope (ECF No. 16) for a period not to exceed thirty days.

SO ORDERED.

        /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2015