UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 1:15-cv-00057-JAW |
| | ) | |
| SPRING HOUSE ASSOCIATES, | ) | |
| a Maine Limited Partnership, | ) | |
|   David R. Cope, General Partner, | ) | |
|   Michael A. Liberty, General Partner, | ) | |
|   Liberty Group, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to foreclose and sell the real estate in connection with the applicable promissory notes, mortgages, and security agreements, and Spring House Associates and its general partners having consented to judgment of foreclosure and sale of such real estate, and the total amount due to the United States of America, Department of Agriculture, Rural Development, Rural Housing Service (formerly known as Rural Economic and Community Development, and prior thereto and as the Farmers Home Administration) (hereinafter called the "United States" or "Plaintiff") being $1,190,784.76, together with interest and costs; now upon Plaintiff's Motion for Consent Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

1. Consent Judgment is granted for the Plaintiff.

2. Spring House Associates (hereinafter "Spring House" or "Defendant") is in default of the conditions of Plaintiff's mortgages and security agreements.

3. The real property, which is the subject of this action and consent judgment, is as described in the complaint and as described in a real estate mortgages executed by Spring House and recorded in the Somerset County Registry of Deeds in Book 1207, Page 126.

4. The personal property, which is the subject to this action and consent judgment, is described in the complaint and Security Agreements executed by Spring House and secured by the UCC filings with the Secretary of State.

5. There is due the United States, the sum of $1,022,530.65 in principal, together with $158,209.15 in interest as of February 9, 2015, unpaid late fees of $10,044.96, for a total of $1,190,784.76, plus interest accruing thereafter to the date of consent judgment at the rate of $320.25 per day, plus any advances made thereafter under the terms of the mortgage plus costs.

6. If Spring House, its successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the United States on behalf of the Plaintiff, shall sell the mortgaged real property and secured personal property at public sale pursuant to the requirements of 28 U.S.C. §§ 2001, 2002, and 2004, 14 M.R.S.A. §§ 6323, 6324, and this consent judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Somerset County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

7. Spring House shall deliver possession of the real property to Plaintiff within ten (10) days after the foreclosure sale and shall deliver possession of the personal property to plaintiff immediately upon expiration of the redemption period. Failure by the Spring House to turn-over

all such personal property will result in the United States being granted a Writ of Possession to seize such personal property for the purposes of the public sale.

      8.  The United States, in its sole discretion, may allow Spring House to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale.  The United States may convey the property to Spring House (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

      9.  The United States may bid at the foreclosure sale.  If it is the successful bidder, it need not remit any funds to the United States Marshal provided its bid does not exceed the amount due on its mortgage, security agreements, costs of this action, and the expenses of sale.  The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the Plaintiff.  Such deed shall convey the premises free and clear of all interests of Spring House, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Somerset County Registry of Deeds.  Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

      10.  If someone other than the Plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises.  From the proceeds of the sale of the real property and personal property, the Marshal shall first pay all costs including the costs and expenses of sale; he shall then pay the United States, the principal amount due on its mortgage of the sum of $1,022,530.65 in principal, together with $158,209.15 in interest as of February 9, 2015, unpaid late fees of $10,044.96, for a total of $1,190,784.76, plus interest from that date through the date

of consent judgment at the per diem rate of $320.25, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of consent judgment to the date of sale and costs of suit. There being no other parties in this action, any surplus shall then be remitted to Spring House Associates. The obligations secured by the mortgage are non-recourse and neither the United States nor any other parties-in-interest may look to Spring House Associates, its general partners, or their successors, heirs, or assigns for any deficiency that may result from a sale of the mortgaged property.

      11. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk. If the Plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreement.

Dated: August 31, 2015

                                  /s/John A. Woodcock, Jr.
                                  JOHN A. WOODCOCK, JR.
                                  U.S. DISTRICT JUDGE